### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| STEPHANIE WINGFIELD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-153-CWB |
| CITY OF DOTHAN, | ) ) ) | |
| Defendant. | ) | |

### ORDER

Before the court is a Joint Stipulation of Dismissal (Doc. 75) submitted by counsel for Plaintiff and counsel for the City of Dothan. The court observes, however, that the filing is not "signed by all parties who have appeared" so as to effectuate a dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure;[1] nor does Rule 41(a)(1)(A)(i) apply in this instance. Accordingly, the court must proceed as if dismissal were requested pursuant to Rule 41(a)(2).

Upon review and consideration, it is hereby **ORDERED** that this action is **DISMISSED** in its entirety—with prejudice and with fees and costs taxed as paid. For good cause shown, any party may move to reopen within thirty days from the date hereof.

**DONE** this the 30th day of December 2024.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Although Alison Hall and Romona Marcus were dismissed on March 30, 2024 (*see* Doc. 44), they nonetheless would be required to join in order for the stipulation of dismissal to become self-executing. *See City of Jacksonville v. Jacksonville Hospitality Holdings, L.P.*, 82 F. 4th 1031, 1038 (11th Cir. 2023) ("[A] Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action.") (citation omitted).